**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AHMED ZAKY, On behalf of himself and Those similarly situated, | Case No. 15 CV 5500 (FB) (RLM) |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT MAGELLAN HEALTHCARE, INC.** |
| ALPHACARE OF NEW YORK, INC. and MAGELLAN HEALTHCARE, INC., | |
| Defendants. | |

Defendant Magellan Healthcare, Inc. ("Defendant Magellan"), by and through its attorneys, Kelley Drye & Warren LLP, as and for its answer to the Complaint ("Complaint") filed by Plaintiff Ahmed Zaky ("Plaintiff"), hereby states as follows:

## PRELIMINARY STATEMENT

1.      Paragraph 1 of the Complaint contains a statement of the nature of Plaintiff's claims and contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant Magellan denies that it has violated or deprived Plaintiff or any other person of any rights provided under the False Claims Act, 31 U.S.C. §§ 3721-3733; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215, the New York Labor Law § 215, or under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL").  Further, Defendant Magellan denies that it had an employment relationship with Plaintiff.

2.      Paragraph 2 of the Complaint contains a statement of the nature of Plaintiff's claims and contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendant Magellan denies that it has violated or deprived

Plaintiff or any other person of rights provided by the FLSA, 29 U.S.C. § 216(b), and denies that Plaintiff or any other person is entitled to any damages, fees or costs, and denies that Plaintiff is entitled to maintain a collective action.  Further, Defendant Magellan denies that it had an employment relationship with Plaintiff.

3.      Paragraph 3 of the Complaint contains a statement of the nature of Plaintiff's claims and contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendant Magellan denies that it has violated or deprived Plaintiff or any other person of rights provided by the New York Labor Law §§ 650-665 and denies that Plaintiff or any other person is entitled to any damages, fees or costs, and denies that Plaintiff is entitled to maintain a collective action.  Further, Defendant Magellan denies that it had an employment relationship with Plaintiff.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant Magellan admits that Plaintiff purports to assert jurisdiction over Plaintiff's FLSA and False Claims Act claims pursuant to 28 U.S.C. § 1331.

5.      Paragraph 5 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant Magellan admits that Plaintiff purports to assert jurisdiction over Plaintiff's NYCHRL and New York Labor Law claims pursuant to 28 U.S.C. § 1367.

6.      Paragraph 6 of the Complaint contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendant Magellan admits that Plaintiff purports to base venue in the Eastern District of New York.

**TRIAL BY JURY**

7.      Paragraph 7 states Plaintiff's request for a jury trial to which no response is required.

**PARTIES**

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.     Admits the allegations in Paragraph 10 of the Complaint.

**STATEMENT OF FACTS**

11.     Denies each and every allegation in Paragraph 11 of the Complaint.

12.     Denies each and every allegation in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required.

16.      Admits that Defendant Magellan's annual gross revenue was in excess of $500,000 during the relevant time period, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains conclusions of law to which no response is required.

18.     Paragraph 18 of the Complaint contains conclusions of law to which no response is required.

19.     Paragraph 19 of the Complaint contains conclusions of law to which no response is required.

## COLLECTIVE ACTION ALLEGATIONS

20.     Denies each and every allegation in Paragraph 20 of the Complaint.

21.     Denies each and every allegation in Paragraph 21 of the Complaint.

22.     Denies each and every allegation in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains a statement of the nature of Plaintiff's claims and contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendant Magellan denies that it has violated or deprived Plaintiff or any other person of rights provided by the FLSA and denies that Plaintiff or any other person is entitled to any damages, fees or costs, denies that Plaintiff is entitled to maintain a collective action, and denies that Defendant Magellan had an employment relationship with Plaintiff.

24.     Denies each and every allegation in Paragraph 24 of the Complaint.

25.     Denies each and every allegation in Paragraph 25 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's counsel's experience and competence.

26.     Denies each and every allegation in Paragraph 26 of the Complaint.

27.     Denies each and every allegation in Paragraph 27 of the Complaint, including the subsections (a) through (f).

## STATEMENT OF FACTS

28.     Denies knowledge or information sufficient to form a belief as to the truth of the

4

allegations in Paragraph 28 of the Complaint.

29.     Admits the allegations in Paragraph 29 of the Complaint.

30.     Denies each and every allegation in Paragraph 30 of the Complaint.

31.     Admits the allegations in Paragraph 31 of the Complaint as to Defendant

Magellan.

32.     Denies that Defendant Magellan hired Plaintiff, and denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32

of the Complaint.

33.     Denies that Plaintiff was employed by Defendant Magellan, and denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 33 of the Complaint.

34.     Denies that Ms. Brown is employed by Defendant Magellan, and denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 34 of the Complaint.

35.     Denies that Defendant Magellan created a deceptive tactic to start the annual

election period for Medicare enrollment fifteen (15) days prior to the legal start time, and denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 35 of the Complaint.

36.     Denies that Evan Kaplan was the Compliance Officer for Defendant Magellan,

and denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 36 of the Complaint.

37.     Denies each and every allegation in Paragraph 37 of the Complaint.

38.     Denies each and every allegation in Paragraph 38 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was "investigating" anything.

39.     Denies each and every allegation in Paragraph 39 of the Complaint.

40.     Denies each and every allegation in Paragraph 40 of the Complaint.

41.     Denies that Ms. Solano was an employee of Defendant Magellan and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44.     Denies that Mr. Germoso was an employee of Defendant Magellan, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.     Denies that Ms. Danzi was an employee of Defendant Magellan, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50.     Denies that Defendant Magellan compelled Plaintiff or any employee of AlphaCare to work on the weekend, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.     Denies each and every allegation in Paragraph 56 of the Compliant, and avers that Defendant Magellan did not have an employment relationship with Plaintiff.

57.     Denies each and every allegation in Paragraph 57 of the Compliant.

58.     Denies each and every allegation in Paragraph 58 of the Compliant.

59.     Denies each and every allegation in Paragraph 59 of the Compliant.

## THE FLSA COLLECTIVE ACTION ALLEGATIONS

60.     Denies that Plaintiff was employed by Defendant Magellan, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Complaint.

61.     Denies that Plaintiff was employed by Defendant Magellan and that Magellan determined a location where Plaintiff worked, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Complaint.

62.     Denies that Plaintiff was employed by Defendant Magellan, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Complaint.

63.     Denies that Plaintiff was employed by Defendant Magellan, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66.     Denies that Plaintiff was employed by Defendant Magellan, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.     Denies each and every allegation in Paragraph 70 of the Complaint.

71.     Denies each and every allegation in Paragraph 71 of the Complaint.

72.     Denies each and every allegation in Paragraph 72 of the Complaint.

## CAUSES OF ACTION

## RESPONSE TO "FIRST CAUSE OF ACTION"

73.     Defendant Magellan repeats and re-alleges each and every response set forth in Paragraphs 1-72 of the Answer, as if fully set forth herein.

74.     Paragraph 74 states legal conclusions to which no response is required.

75.     Denies each and every allegation in Paragraph 75 of the Complaint.

76.     Denies each and every allegation in Paragraph 76 of the Complaint.

77.     Denies each and every allegation in Paragraph 77 of the Complaint.

78.     Denies each and every allegation in Paragraph 78 of the Complaint.

79.     Denies each and every allegation in Paragraph 79 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION"

80.     Defendant Magellan repeats and re-alleges each and every response set forth in Paragraphs 1-79 of the Answer, as if fully set forth herein.

81.     Paragraph 81 of the Complaint contains a statement regarding the NYCHRL to which no response is required. To the extent a response is required, Defendant Magellan refers the Court to the relevant statute for a complete and accurate statement of its terms.

82.     Denies each and every allegation in Paragraph 82 of the Complaint.

83.     Denies each and every allegation in Paragraph 83 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION"

84.     Defendant Magellan repeats and re-alleges each and every response set forth in Paragraphs 1-83 of the Answer, as if fully set forth herein.

85.     Denies each and every allegation in Paragraph 85 of the Complaint.

86.     Denies each and every allegation in Paragraph 86 of the Complaint.

87.     Denies each and every allegation in Paragraph 87 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION"

88.     Defendant Magellan repeats and re-alleges each and every response set forth in Paragraphs 1-87 of the Answer, as if fully set forth herein.

89.     Denies each and every allegation in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains a statement regarding the FLSA to which no response is required. To the extent a response is required, Defendant Magellan refers the Court to the relevant statute for a complete and accurate statement of its terms.

91.     Denies each and every allegation in Paragraph 91 of the Complaint.

92.     Denies each and every allegation in Paragraph 92 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION"

93.     Defendant Magellan repeats and re-alleges each and every response set forth in Paragraphs 1-92 of the Answer, as if fully set forth herein.

94.     Denies each and every allegation in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint contains a statement regarding the NYLL to which no response is required. To the extent a response is required, Defendant Magellan refers the Court to the relevant statute for a complete and accurate statement of its terms.

96.     Denies each and every allegation in Paragraph 96 of the Complaint.

97.     Denies each and every allegation in Paragraph 97 of the Complaint.

**RESPONSE TO "SIXTH CAUSE OF ACTION"**

98.     Defendant Magellan repeats and re-alleges each and every response set forth in Paragraphs 1-97 of the Answer, as if fully set forth herein.

99.     Denies each and every allegation in Paragraph 99 of the Complaint.

100.    Denies each and every allegation in Paragraph 100 of the Complaint.

101.    Denies each and every allegation in Paragraph 101 of the Complaint.

102.    Denies each and every allegation in Paragraph 102 of the Complaint.

**RESPONSE TO "SEVENTH CAUSE OF ACTION"**

103.    Defendant Magellan repeats and re-alleges each and every response set forth in Paragraphs 1-102 of the Answer, as if fully set forth herein.

104.    Paragraph 104 states a legal conclusion to which no response is required.

105.    Denies each and every allegation in Paragraph 105 of the Complaint.

106.    Denies each and every allegation in Paragraph 106 of the Complaint.

**REQUEST FOR RELIEF**

The unnumbered WHEREFORE clause of the Complaint and lettered paragraphs A through J set forth a demand for relief to which no response is required. To the extent a response is required, Defendant Magellan denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or part, fails to state a claim upon which relief can be granted or upon which damages can be sought.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff was at no time an employee of Defendant Magellan.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff was terminated for his misconduct and not for any other reason.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is exempt from the overtime requirements of the FLSA and New York law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

All "complaints" raised by Plaintiff concerning any wrongdoing were investigated and found to be unsubstantiated.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

All employment actions taken by any Defendant and about which Plaintiff complains were taken for good and just cause and legitimate non-discriminatory business reasons.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no damages or, alternatively, has failed, refused, and/or neglected to mitigate or avoid the damages complained of in his Complaint, if any.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims punitive damages, those claims are barred in that any Defendant did not act willfully or with malice or reckless indifference toward Plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants believed in good faith and has reasonable grounds to believe that Plaintiff was exempt from the overtime requirements of the FLSA and all other applicable statutes.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to the putative class members and should not be part of any collective action under the FLSA or New York Law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of the putative class and, as such, should not be part of any collective action under the FLSA or New York Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for class certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported class members.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish and maintain a class action because a problem of manageability would be created by reason of the complexity and/or proliferation of issues in this case.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Magellan reserves the right to raise additional defenses, which may arise during discovery in this action.

**WHEREFORE**, Defendant Magellan requests judgment be entered against Plaintiff dismissing the Complaint in its entirety with prejudice and granting Defendant Magellan such other and further relief as the Court may deem necessary and proper.

Dated: New York, NY                          KELLEY DRYE & WARREN LLP
        December 10, 2015


By:*/s/ Alison L. MacGregor*
    Barbara E. Hoey
    Alison L. MacGregor
    101 Park Avenue
    New York, NY 10178
    T: (212) 808-7800
    F: (212) 808-7897
    bhoey@kelleydrye.com
    jfrankel@kelleydrye.com

    *Counsel for Defendant Magellan
    Healthcare, Inc.*