**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------×
AHMED ZAKY, *on behalf of himself and those similarly situated*,

       *Plaintiff,*                                          **15 CV 5500**

   v.

ALPHACARE OF NEW YORK INC. *and* MAGELLAN HEALTHCARE INC.,

       *Defendants.*
------------------------------------------------------------------------×

## THE HARMAN FIRM, LLP'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS

Walker G. Harman, Jr.
Edgar M. Rivera
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, New York 10001
212.425.2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

# PRELIMINARY STATEMENT

The Harman Firm, LLP (the "Firm"), respectfully submits this Memorandum of Law in Support of Its Motion for Attorneys' Fees and Costs in the total amount of one-third of the total settlement amount plus $545 for costs.

On July 21, 2015, Plaintiff Ahmed Zaky ("Plaintiff" or "Mr. Zaky"), by terms of the retainer agreement between himself and the Firm, agreed to pay the Firm one-third of the total of any future settlement amount in exchange for the Firm's legal services. The Firm represented Plaintiff for 14 months during which he filed the above-captioned action, alleging that Defendant AlphaCare of New York Inc. and Defendant Magellan Healthcare Inc. (collectively, "Defendants") violated the Fair Labor Standards Act, New York City Human Rights Law, False Claims Act, and New York Labor Law. In the course of the representation, the Firm incurred expenses and performed significant legal work for Mr. Zaky.

The attorney-client relationship, however, broke down, and the Firm withdrew as Mr. Zaky's counsel. The Firm informed him that there was a lien on any future settlement payment by the terms of the retainer agreement, which also required the Defendants to pay the Firm its portion of the settlement amount prior to Mr. Zaky.

On April 12, 2017, during a settlement conference before the Court, the parties reached a resolution. The Firm, therefore, is now entitled to receive its reasonable attorneys' fees (one-third of the total settlement, the amount of which is unknown to the Firm) in addition to costs ($545, representing the filing fee for the Complaint and expenses related to service of process).

**STATEMENT OF FACTS**

The following statement of facts is based on the Declaration of Walker G. Harman, Jr. ("Harman Decl."), dated April 28, 2017, and exhibits annexed thereto.

On July 21, 2015, Mr. Zaky signed a retainer agreement with the Firm for the Firm to pursue claims against Defendants (Harman Decl. ¶ 19; Harman Decl. ¶ 19, Ex. A, Retainer Agreement (the "Retainer Agreement")). The Retainer Agreement sets forth the Firm and Mr. Zaky's agreement regarding the Firm's representation of Mr. Zaky in connection with his employment with Defendants, and it describes the terms and scope of the Firm's representation of Mr. Zaky, including matters relating to legal fees and expenses (Ex. A).

The Retainer Agreement states, in pertinent part, that Plaintiff is required to pay the Firm one-third of the total amount recovered:

> In consideration for the services rendered and to be rendered by this firm, you agree to pay us a contingency fee ("Contingency Fee") calculated as thirty-three and one-third percent (33⅓%) of the total amount recovered.

(Ex. A, at 3). The Retainer Agreement also requires that the Firm receive the first installment of any payment. In other words, the Firm must be paid before Plaintiff:

> Should a settlement, entered into either before or after the commencement of litigation, require that the payment be made in installments, we, as your attorneys, shall be entitled to reimbursement for all costs incurred and full payment of our attorneys' fees from the first funds received.

(Ex. A, at 3). Finally, the Firm is entitled to have a lien in the amount of its actual costs and fees:

> Moreover, we shall have a lien for costs and fees incurred by our office on any recovery, whether obtained by settlement or court action, whether obtained prior or subsequent to the commencement of litigation, and whether obtained by this law firm or another law firm or attorney.

(Ex. A, at 3). As such, the Firm is entitled to: (1) one-third of the settlement amount in addition to costs, (2) be paid before Mr. Zaky, and (3) maintains a lien on the settlement.

There is no reason to believe that Mr. Zaky did not understand these terms of the Retainer Agreement. The language of the Retainer Agreement is clear and simple, without any "legalese," and the Retainer Agreement was explained to Mr. Zaky by the Firm. Further, at no point during the representation did Mr. Zaky indicate that he did not understand these terms of the Retainer Agreement and, when he did not understand something, Mr. Zaky never failed to ask and receive an answer from the Firm. (Harman Decl. ¶ 22).

Additionally, the Retainer Agreement required Mr. Zaky to have read and understood its terms before he could enter into it. By his signature, Mr. Zaky admits that he read and understood the Retainer Agreement:

> By signing below, I acknowledge the following: 1) I have read and considered this agreement in its entirety; 2) I understand all of the terms of this agreement; and 3) I agree to all of the terms of this agreement.

(Ex. A, at 5). Further, directly above Mr. Zaky's signature, the Retainer Agreement states:

> **THE FOREGOING IS UNDERSTOOD AND AGREED.** I have carefully read and reviewed this engagement letter and had an opportunity to ask questions regarding its effect.

(Ex. A, at 6) (emphasis in original). Here, the Firm again required Mr. Zaky to have read and understood the Retainer Agreement.

On July 21, 2015, Mr. Zaky signed the Retainer Agreement and returned it to the Firm, and, as per the terms of the Retainer Agreement, the Firm started working on his case. (Harman Decl. ¶ 19). On Mr. Zaky's behalf, the Firm reviewed documents and developed a theory of the case; engaged in pre-litigation letter writing and negotiations; filed and served the complaint; engaged in discovery geared toward settlement; filed a motion for conditional certification; and prepared for a settlement conference before the Court. (Harman Decl. ¶ 23). The Firm also read and responded to Mr. Zaky's near-daily questions and requests. (Harman Decl. ¶ 23). As result,

the Firm incurred approximately $41,000 in attorneys' fees (Harman Decl. ¶ 23, Ex. B, Attorneys' Billable Hours) and $545 in costs (Harman Decl. ¶ 23, Ex. C Costs).

After a complete break down in the attorney-client relationship, on September 28, 2016, the Firm requested to withdraw as Mr. Zaky's counsel and asserted a charging lien against any future settlement, notice of which Mr. Zaky received. (Harman Decl. ¶ 24; Docket Entry No. 42). The following day, the Court granted the Firm's motion to withdraw as Mr. Zaky's representative. (Docket Entry No. 42). In its Order, the Court stated that "[a]ny issues with respect to the Harman Firm's asserted liens against any recovery by plaintiff in this case, will be addressed when the issues become ripe." On April 12, 2017, this action settled. (Docket Entry No. 61).

In accordance with the Court's September 29, 2016 Order, the Firm now moves for its reasonable attorneys' fees and costs to satisfy the Firm's lien against Plaintiff's claims.

**ARGUMENT**

The Court should grant the Firm's motion by having Plaintiff pay the Firm one-third of the total settlement amount because Plaintiff is obligated to pay the Firm this amount under the Retainer Agreement, and the amount requested is reasonable.

The Firm has contractual and statutory charging liens against Mr. Zaky's causes of action in the Complaint. Section 6 of the Retainer Agreement states:

> [The Firm] shall have a lien for costs and fees incurred by our office on any recovery obtained, whether obtained by settlement or court action, whether obtained prior or subsequent to the commencement of litigation, and whether obtained by this office or not.

(Ex. A, Retainer Agreement, at 3). In addition, New York Judiciary Law § 475 states:

> From the commencement of an action […] *the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim,* which attaches to a verdict, report, determination, decision, award, settlement, judgment

4

> or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475 (emphasis added). As such, the Firm is entitled to one-third of the total settlement amount plus costs.

One-third of the settlement agreement is fair, as the fees incurred and hourly rate were reasonable. "The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The Firm spent over a year litigating this case, beginning in its investigatory stage, which resulted in more than 140 hours of work by attorneys and paralegals. (Ex. B, Billable Hours). During this time period, the Firm interviewed Mr. Zaky; reviewed and analyzed documents and records; communicated and met regularly with Mr. Zaky; filed the initial pleading in this action; participated in settlement discussions with Defendants' counsel; drafted motion papers and briefs in support of Plaintiff's motion for conditional class certification under 29 U.S.C. 216(b); and appeared for numerous court conferences, including an in-person initial conference before Chief Magistrate Judge Roanne L. Mann and a telephone conference, an in-person status conference, and an in-person settlement conference before this Court. (Harman Decl. ¶ 23). The Firm's attorneys allocated their time in a productive and responsible manner to tasks necessary to the Firm's efficient prosecution of this case and vigorous representation of Mr. Zaky, who fully exercised his rights to litigate this action.

The Firm's hourly rates are reasonable. In reviewing the reasonableness of an hourly rate, courts "may consider the prevailing market rates 'for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *In re Nissan Radiator/Transmission*

*Cooler Litig.*, No. 10 Civ. 7493 (VB), 2013 WL 4080946, at *17 (S.D.N.Y. May 30, 2013) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)).  The Firm's rates—$450 per hour for a partner, $250 for an associate, and $175 for a paralegal—are consistent with or below those courts in this circuit have approved for other specialized employment attorneys.  *See, e.g., Asare v. Change Grp. of N.Y., Inc.*, No. 12 Civ. 3371 (CM), 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) (approving rates of $750 per hour for partner time; $500 per hour for senior associate time; $300 per hour for associate time and $150 per hour for paralegal/staff time); *McMahon-Pitts v. Sokoloff*, No. 15-CV-4975, 2017 U.S. Dist. LEXIS 37237, at *9 (E.D.N.Y. Mar. 15, 2017) (summarizing cases). Indeed, the fees sought by the Firm are significantly less than the total billable work performed by the Firm in this matter.  (Ex. B; Harman Decl. ¶ 10, Ex. C, Costs.)

Further, "[t]he 'presumptively reasonable fee' for an attorney's work is what a reasonable client would be willing to pay for that work." *Arbor Hill*, 522 F.3d at 190.  Here, Mr. Zaky agreed to the terms of the Retainer Agreement and agreed to pay one-third of any settlement amount.

Accordingly, the Court should award the Firm with its portion of the settlement amount.

## CONCLUSION

The Firm spent 14 months heavily litigating this action without compensation. As shown above, the Firm's fees and costs are reasonable for its work representing Plaintiff in this action. Accordingly, the Firm respectfully requests an award of attorneys' fees and costs totaling one-third of the total settlement amount plus $545.

Dated: New York, New York
April 28, 2017

> By: s/ Walker G. Harman, Jr.
> Walker G. Harman, Jr. [WH-8044]
> Edgar M. Rivera [ER-1378]
> THE HARMAN FIRM, LLP
> 220 Fifth Avenue, Suite 900
> New York, New York, 10001
> 212.425.2600
> wharman@theharmanfirm.com
> erivera@theharmanfirm.com