Ahmed Zaky
1863 Hobart Ave,
Bronx, New York, 10461

Via Mail

The Honorable Judge Steven L Tiscione
United Sates Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY- 11201

Re: Zaky v. AlphaCare of New York.,
Civil Case :15CV5500(SLT)

Dear Judge Tiscione:

I'm the plaintiff in the above-referenced case and I'm writing to oppose the Harman firm's motion for attorney's fees.

As the Court knows, in March 2016, the plaintiff sent a letter to Honorable Mann responding to the Harman firm's first motion to withdraw. The plaintiff wrote to inform the Court how his former attorney has consistently breached the Code of Professional Conduct. Although Honorable Mann allowed ample time for the Counsel to respond to his client's allegations, the firm failed to file anything in reply.

On April 24, 2016, during a "Telephone Motion", the court has discussed the issue, heard all parties, and allowed a chance for the attorney and the plaintiff to repair the attorney-client relationship.

Around Sep 20, 2016, an issue did arise, which the Counsel was trying to force the plaintiff to adjourn the settlement conference. When the plaintiff refused, letting the attorney knows that he needs to try to settle his case, the Counsel responded claiming that they should not attend the Conference before the Court rules on the pending motion for conditional certification.

After the plaintiff insisted to attend the Settlement Conference, the attorney tried to force the plaintiff to make 2.18 Million dollars Settlement demand. It appears the attorney

intended to add outrageous demand for anticipated class members to create an obstacle to any early settlement, so he could develop and litigate the case and maximize his attorneys' fees.

The plaintiff refused to take his attorney's unreasonable settlement advice, attended the settlement conference, and gave the Court a letter by hand explaining the surrounding circumstances (Doket:42)

On Sep 27,2016, at the settlement conference, the Honorable Steven Tiscione discussed the issue with the plaintiff and his attorney trying to help resolve the matter and proceed to help resolve the case. Attorney Walker Harman acted unreasonably again and stated: **I can't even settle this case for $600,000 because it did cost me a fortune to bring a legal action in the first place.**

Your honor, attorney-client relationship is built on loyalty and trust; in my case, the attorney -client relationship dissolved long before the firm withdrew

This case represents a perfect example of how the attorney's desire for fees could compromise the loyalty of the attorney. Moreover, it is well settled an attorney who seeks withdrawal without good cause should not be entitled to attorney's fees.

Your honor, attorneys who behave in such manner, doesn't only damage the reputation of the entire legal profession, but they also make the justice system harder and much more complicated because the general public loses confidence in the process

Because there are many -*heartless attorneys*-, the number of pro se litigants is increasing every year. These individuals decide to proceed pro se not only because they lack resources, but in most cases, these individuals can't find an attorney they can trust.

This case presents a prime example of an attorney trying to develop a litigation strategy to secure more attorneys' fees, at the expense of his client and against his client's instructions. The attorney simply didn't care about my goal of resolving the case expeditiously and insisted on building attorneys' fees and making the case larger than it was

Your Honor may recall, on April 12, 2017 I appeared before the Court in a settlement conference. The Court did not only mediate

the matter fairly and neutrally, but the Court took the time to explain to me the process, what realistic expectations could be, and how things could go in motion practice or at a trial. The Court took the time to explain many things my former attorney never wanted to explain. The Court assisted me to get a fair and reasonable resolution I needed; the quick justice my former attorney never wanted to help me get.

The fee request which the Harman is making will deprive me of one third of the settlement which I secured with the Court's assistance –without the Harman firm's involvement. Nothing the Harman firm did led to the resolution we have reached on April 12th.

I'm respectfully asking the Court to deny the Harman's firm motion for fees, in its entirety. The Harman firm didn't represent me well; it hindered the process in its quest for profit and it should not be entitled a percentage of the wages I worked so hard for and I am owed.

Thank you very much for consideration of this matter.

Respectfully submitted,

Ahmed Zaky

CC: Via E-mail

Mr. Walker Harman wharman@theharmanfirm.com
Mr. Edgar Rivera erivera@theharmanfirm.com
Mr. Mark Konkel mkonkel@kelleydrye.com
Mr. Dustin Stark dstark@kelleydrye.com